UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 2:25CR00014-001 |
| v. | ) | |
| | ) | |
| DENNIS W. MCNAMARA | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, through undersigned counsel, submits this Sentencing Memorandum in advance of the sentencing hearing scheduled for August 21, 2025. For the reasons set forth below, the United States recommends a sentence within the advisory Sentencing Guidelines range. This sentence would be sufficient but not greater than necessary to comply with the goals of sentencing set forth in Title 18, United States Code, Section 3553(a).

## I.      INTRODUCTION

On January 24, 2025, the United States filed a two-count information charging Defendant, Dennis W. McNamara ("Defendant"), with false statements in violation of 18 U.S.C. § 1001(a)(2). On March 18, 2025, Defendant pleaded guilty to both counts. The parties agreed that the base offense level is 6, pursuant to U.S.S.G. §§ 1B1.3 and 2B1.1(a)(2). (ECF No. 3 at ¶ 8(a).) The parties further agreed that the base offense level is increased by 2 levels, pursuant to U.S.S.G. § 3B1.3, because Defendant abused a position of public or private trust and used a special skill in a manner that significantly facilitated the commission of the offense. (*Id*. at ¶ 8(a)(i).)

The United States incorporates the facts presented in support of Defendant's guilty plea. (*Id*. at pp. 6-7.) In 2021, numerous federal law enforcement agencies initiated an investigation into a Drug Trafficking Organization (DTO) operating in Columbus, Ohio led by Patrick Saultz and Cordell Washington that engaged in a large-scale conspiracy involving narcotics distribution, sex trafficking, fraud, and money laundering. (*Id*. at 6.) The DTO trafficked fentanyl, cocaine,

1

crack cocaine, heroin, methamphetamine, marijuana, oxycodone, and alprazolam and coerced individuals to engage in sexual activity for profit.  (*Id*.)  As a result, the Grand Jury, sitting in the Southern District of Ohio, returning a forty-one count Superseding Indictment, charging twenty-three defendants with violations of federal law.  (*Id*.)

During the investigation, FBI agents identified a cooperating witness ("Jane Doe One"). (*Id*.)  Jane Doe One met with the agents and provided credible and reliable information about the DTO, including sex trafficking.  (*Id*.)  Jane Doe One also provided information concerning threats, violence, and the possible murder of cooperating witnesses.  (*Id*.)  Defendant, who was an attorney licensed to practice law in the State of Ohio, represented Jane Doe One and was present at these meetings.  (*Id*.)  Defendant was separately engaged in sexual relationship with a female sex worker ("Jane Doe Two"), who was also known to indicted members of the DTO.  (*Id*.)  Defendant informed Jane Doe Two that he represented Jane Doe One and that Jane Doe One met with investigators.  (*Id*.)  Defendant also provided Jane Doe Two with details of the information that Jane Doe One provided to investigators.  (*Id*.)  Jane Doe Two shared that information and Jane Doe One's identity with indicted members of the DTO.  (*Id*.)  Defendant learned that Jane Doe Two revealed this information, confronted Jane Doe Two, and expressed concern to Jane Doe Two over his career.  (*Id*.)

Jane Doe One also confronted Defendant about how the DTO knew she had spoken to agents.  (*Id*. at 7.)  He lied to Jane Doe One and informed her that he did not know.  (*Id*.) Subsequently, on July 12, 2023, Defendant met with FBI agents in Columbus, Ohio.  (*Id*.) Defendant admitted that he knew Jane Doe Two and paid her for sexual encounters on a regular basis for more than one year.  (*Id*.)  However, Defendant denied informing Jane Doe Two that he

represented Jane Doe One and denied informing Jane Doe Two that Jane Doe One was cooperating with the United States. (*Id.*)

## II.    ARGUMENT

### A.    Sentencing Procedure

District courts must follow a three-step sentencing process. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). First, the district court must calculate the defendant's Sentencing Guidelines range without regard to departure motions. *Id.*; *Gall v. United States*, 552 U.S. 38, 49 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that a Guidelines sentence is reasonable. *Peugh v. United States*, 569 U.S. 530, 541 (2013). When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. "For even though the Guidelines are advisory rather than mandatory, they are…the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Id.* at 46 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)). Second, the court must rule on the parties' motions for upward or downward departures. *Gunter*, 462 F.3d at 237. Third, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a) and exercise its discretion to craft a sentence that is appropriate under the circumstances of each particular case. *Id.* At the third step, the Court must consider the advisory Guidelines range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. The record must demonstrate the court gave meaningful consideration to the Section 3553(a) factors because "a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution

properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)).

### B. The United States Sentencing Guidelines

The Presentence Investigation Report ("PSR") correctly determined that the base offense level is 6, pursuant to U.S.S.G. § 2B1.1(a)(2). (PSR at ¶ 18.) The base offense level is increased by two levels, pursuant to U.S.S.G. § 3B1.3. (*Id*. at ¶¶ 21-22.) After a two-level adjustment for acceptable of responsibility and a two-level adjustment under U.S.S.G. § 4C1.1, the total offense level is 4. (*Id*. at ¶¶ 25-27.) Defendant is criminal history category I, which corresponds to 0 to 6 months' imprisonment in Zone A of the Sentencing Table. (*Id*. at ¶¶ 31, 58.)

### C. The Relevant Title 18, United States Code, Section 3553(a) Factors

The factors set forth in Title 18, United States Code, Section 3553(a) support the United States' recommended sentence in this case.

   1.   18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant

Defendant lied to the FBI, denying that he informed Jane Doe Two that he represented Jane Doe One and that he informed Jane Doe Two that Jane Doe One was cooperating with the United States. He admitted his criminal conduct; therefore, the case against him is strong. Defendant is 74 years old and a criminal history category I. Thus, based on Defendant's offense conduct and lack criminal history, the advisory Guidelines range reflects a just sentence in this case.

   2.   18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense

While lying to federal agents alone constitutes a serious offense, Defendant's criminal conduct was far more grave. Lawyers, like Defendant, who represent cooperating witnesses are

entrusted with some of the most sensitive information regarding dangerous criminal activity. Indeed, the DTO engaged in large-scale drug trafficking and sex trafficking. Jane Doe One decided to cooperate against the DTO, and the information that she provided highlighted the dangerousness of the DTO's criminal activity. Specifically, in addition to drug and sex trafficking, Jane Doe One informed investigators that the DTO was involved in violence that included the possible murder of cooperating witnesses, like Jane Doe One. Instead of safeguarding Jane Doe One's identity as a cooperator and the highly sensitive information she provided to investigators, Defendant shared ***both*** with Jane Doe Two, violating his oath to Jane Doe One as her lawyer and the trust she placed in him. Jane Doe Two knew members of the DTO and relayed Jane Doe One's identity and information to them. Consequently, Defendant placed Jane Doe One in direct danger of significant harm and even death. Defendant also eroded the trust that potential cooperators will have in a system designed to protect their identities and the information they provide. Certainly, this constitutes a very serious offense that became even more serious when Defendant lied about his conduct when investigators confronted him. Thus, a sentence within the advisory Guidelines range is warranted to vindicate the statutory objectives of reflecting the seriousness of this offense, promoting respect for the law, and providing just punishment.

3.    18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct

Imposition of a Guidelines sentence is also necessary in this case to specifically deter Defendant and generally deter others from disclosing the identity of cooperators and lying to federal agents. As explained above, lawyers who represent cooperators have unique access to very sensitive information pertaining to dangerous criminal activity. Sharing such information with anyone, let alone an associate of the targets of a specific investigation, places cooperators in an unacceptable risk of harm and death and undermines the trust that they place in their lawyers and

5

the United States. Subsequently lying to investigators about divulging such information only delays any potential action they could take to protect the cooperators. Consequently, deterring Defendant and others from engaging in this very serious criminal conduct is paramount.

4.     <u>18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant</u>

A Guidelines sentence will also serve to protect the public from further crimes of Defendant.

5.     <u>18 U.S.C. § 3553(a)(3) and (a)(4)(A) – the kinds of sentences available and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines</u>

The maximum term of imprisonment at both Counts One and Two is 5 years. 18 U.S.C. § 1001(a)(2). The Court may impose a term of supervised release of not more than 3 years. 18 U.S.C. § 3583(b)(2). As explained above, the United States concurs with the PSR's determination that the total adjusted offense level is 4 and that Defendant is a criminal history category I, which corresponds to an advisory Guidelines range of 0 to 6 months' imprisonment in Zone A of the Sentencing Table. (PSR at ¶¶ 18-27, 31, 58.)

6.     <u>18 U.S.C. § 3553(a)(5) & (a)(7) – any pertinent policy statement and the need to provide restitution to any victims of the offense</u>

There are no pertinent policy statements, and restitution is not applicable in this case.

7.     <u>18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>

A sentence within the advisory Guidelines range reflects an appropriate sentence for Defendant in this case, given his serious offense conduct and lack of criminal history. This sentence, therefore, will satisfy the need to avoid unwarranted sentence disparities among similarly situated defendants.

## III.    CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court impose a sentence within the advisory Sentencing Guidelines range.  Such a sentence would be sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

TROY RIVETTI
ACTING UNITED STATES ATTORNEY
WESTERN DISTRICT OF PENNSYLVANIA


*s/Mark V. Gurzo*
**MARK V. GURZO** (Maryland Bar)
Special Assistant United States Attorney
Acting Under Authority Conferred by 28 U.S.C. § 515
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
Phone: (412) 644-3500
Email: Mark.Gurzo@usdoj.gov